UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:15-cr-64-MOC-WCM-1

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **BRADFORD ALLEN,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's Motion Requesting a Judicial Recommendation Concerning Length of RRC/Halfway House Placement (Doc. No. 76). On March 30, 2016, Defendant pleaded guilty in this Court to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (Doc. No. 23). Thereafter, this Court sentenced Defendant to 77 months of imprisonment and a two-year term of supervised released. (Doc. No. 57). Defendant's release date is March 26, 2021.

The Second Chance Act of 2007 provides that the "Bureau of Prisons shall designate the place of the prisoner's imprisonment" and "may designate any penal or correctional facility that meets minimum standards of health and habitability established by the Bureau." 18 U.S.C. § 3621(b). In choosing a facility, the Bureau may consider "any statement by the court that imposed the sentence (A) concerning the purposes for which the sentence of imprisonment was determined to be warranted; or (B) recommending a type of penal or correctional facility as appropriate." Id. Several courts, including this one, have held this Act authorizes courts to issue non-binding, strictly advisory placement recommendations. See United States v. Patterson, No. 2:00-CR-187, 2019 WL 127962, at *2 (E.D. Va. Jan. 8, 2019); United States v. Ferguson, No. 6:16-CR-00707-JMC-

1

8, 2018 WL 5095149, at *3 (D.S.C. Oct. 19, 2018); United States v. Cabble, No. 3:09-CR-00084-MOC, 2018 WL 4628324, at *1 (W.D.N.C. Sept. 27, 2018).

Defendant's evidence suggests he has made efforts to improve himself while incarcerated. Defendant asserts that he has participated in the following BOP programs and classes in an attempt to prepare for his release and aid in his rehabilitation: obtaining his GED, drug education, introduction to education, ace real estate, music business overview, mock job fair, learn to speak Spanish, vocational training: core curriculum, and vocational training: carpentry. The Court recommends placement in a Residential Re-Entry Center. Still, the Court emphasizes that this recommendation is not binding, as the Bureau, not the Court, is uniquely qualified to determine when a re-entry program is appropriate for incarcerated persons. See Cabble, 2019 WL 4628324, at *2.

**IT IS, THEREFORE, ORDERED** that on Defendant's Motion Requesting a Judicial Recommendation Concerning Length of RRC/Halfway House Placement (Doc. No. 76) is **GRANTED**. Thus, to the extent that Defendant's record demonstrates he has made efforts to improve himself while incarcerated, the court **RECOMMENDS** that Defendant be placed in a Residential Re-Entry Center.

Signed: July 22, 2020

Max O. Cogburn Jr
United States District Judge